APPENDIX — (A)  "Previous Lawsuits"

[Addendum to page 2 of Civil Right's Complaint]

PREVIOUS LAWSUITS:

1).Carson V.Gomez,841 S.W.2d.491(Tex.App.1st Dist.1992),filed in Walker County Court,Jury Trial in favor of Defendant G.Gomez;

2).Carson V.Robinson,in the 42nd District Court of Taylor County, Texas,NO.41-792-A,Larry Robinson Defendant,Non-Jury Trial in favor of Defendant.(date of verdict unknown)

3).Carson Vs.Ratley,in the 172nd District Court of Jefferson County Texas,NO.E-0148045,dismissed as frivolous;(date unknown)

4).Carson Vs.Serrano,in the 202nd District Court of Bowie County, # 97-CV-464-202,dismissed,date unknown,96 S.W.3d.697(Texarkana Ct. of Appeals).

5).Carson V.Denby,in the United States District Court,Eastern District-#1-93-CV-470,Voluntarily dismissed,date unknown;

6).Carson V.Morin,United States District Court-Eastern District, # 1-93-CV-385,Voluntarily dismissed;

7).Carson V.Johnson,in the United States District Court,Eastern-DIstrict,NO.6-CV-109,Sanctions imposed for $100,by Magistrate McKee;

8).Carson V.West,in the United States District Court-Eastern,# 1-94-CV-713,Voluntarily dismissed,date unknown.

9).Carson V.Johnson,in the United States District Court-Eastern, 112 F.3d.118(5Th Cir.1997),sanctions of $250,where 2254 was converted into 1983 by the Court;

10).Carson V.Polley,in the United States District Court-Northern District at Dallas,689 F.2d.562(5th Cir.1982),Jury Trial in favor of Plaintiff,

11).Carson Vs.Estelle,Pustka,in the United States District Court-Eastern-Tyler,#-TY-79-356-CA,settlement Juune,1991;

12).Carson V.Middleton,in the United States District Court-Northern District at Abilene,# CA-1-85-7-W;settlement 1986-December;

13).Carson V.Aguilers,in the United States District Court-Eastern District-Tyler,# 6:90-CV527-Defendants,Sias,Jones,Jury Trial in favor of Defendants;(date unknown)

(1)

[addendum to page two of Civil Rights complaint-Previous lawsuits]

14).Carson V.Waldron,in the United States District Court-Eastern District,978 F.2d.(5th Cir.), claims against Warden Waldron,dismissed dates unknown;

15).Carson V.kent,United States District Court-Eastern District-#-93-5462,dismissed as frivolous,dates unknown;

16).Carson V.Collins,in the United States District Court-Northern District at Dallas,#-CA-3-89-02116-H,dismissed,dates unknown;

17).Carson V.Peterson,in the United States District Court,949 F.2d.-1158(5Th Cir.)dates unknown of dismissal;

18).Carson V.Hernandez,in the United States District Court-Northern District at Abilene,~~~~~~~~~. dates unknown;

19).Carson V.Lopez,in the Walker County,350Th District Court of Potter County,#86-799-D;134 S.W.3d;dismissed,Without prejudice to refile,date unknown;

20).Carson V.Walker,in the 251st District Court of Potter County, # 92,554,Dismissed without Prejudice,date unknown;

21).carson V.carson,in the 44th District Court of Dallas County, #-04-0303-B,dismissed 2005.


    I Arthur Carson,state the foregoing previous lawsuits,to the
best of My knowledge,are true and correct.due to the remoteness
of previous lawsuits,and the Prison's Policy that prohibits
Me from keeping outdated legal documents,this is the most accurate
information I currently have. I swear the foregoing statements
are true and correct,pursuant to 28 U.S.C.§ 1746.
Dated this 1st day of Dec.2006.          Arthur Carson
                                         Arthur Carson,#517349
                                         P.O.Box 4500-Michael Unit
                                         Tenn.Colony,Tx.75886



*Plaintiff's Exhibit One (2)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

F I L E D
U. S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 21 1991

MURRAY L. HARRIS, CLERK
BY
DEPUTY _____

| | | |
|---|---|---|
| ARTHUR CARSON | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. TY-79-356-CA |
| | § | |
| W. J. ESTELLE, JR., ET AL., | § | |
| Defendants | § | |

## COMPROMISE AND SETTLEMENT AGREEMENT

The following is a settlement made on this _1th_ day of _June_, 1991, between Plaintiff and Defendants.

### I.

### STATEMENT OF THE CASE

1.   Plaintiff brought this suit alleging violations of his civil rights.

2.   Defendants, in good faith, contend that they are not liable.

### II.

### TERMS OF SETTLEMENT

In consideration of the mutual covenant set forth herein, the parties agree to be bound and obligated as follows:

(1)   The Defendants promise to pay the Plaintiff the sum of two thousand and no/100 dollars ($2,000.00);

(2)   That Plaintiff shall be transferred from the Michael Unit of TDCJ-ID as soon as possible;

(3)   Costs of Court;

(4)   As consideration for such payment by Defendants, Plaintiff shall dismiss with prejudice the pending action and shall not institute any legal

" PLAINTIFF'S EXHIBIT # ONE "

proceedings against Defendants or the Institutional Division of the Texas Department of Criminal Justice or any employee thereof in any court for any reason connected with the occurrences forming the basis of this lawsuit and Plaintiff forever discharges Defendants and the Institutional Division of the Texas Department of Criminal Justice or any employee thereof from all claims, demands, damages, actions, and causes of action whatsoever as have arisen or may arise in connection with the allegations forming the basis of this lawsuit; and

(5)    Plaintiff agrees to file a stipulated dismissal with prejudice under Rule 41(a)(1)(ii), Federal Rules of Civil Procedure, of the above mentioned legal action against Defendants.

III.

## NO ADMISSION OF LIABILITY

This agreement is executed by the parties hereto for the sole purpose of compromising and settling the matters involved in this dispute and it is expressly understood and agreed, as a condition hereof, that this agreement shall not constitute or be construed to be an admission on any part of Defendants or as evidencing or indicating any degree of admission of the truth or correctness of any claims asserted.

IV.

## EFFECT OF AGREEMENT

Plaintiff understands that the two thousand and no/100 dollars ($2,000.00) to be paid by Defendants and the transfer agreement, was agreed to as a compromise to avoid expense and to terminate all controversy or claim whatsoever as has arisen or may arise in connection with the incidents forming the basis of this lawsuit. Plaintiff expressly agrees that his acceptance of such payment by Defendants shall be a complete bar to all claims or suits for injuries or damages of any nature resulting or to result from said allegations set forth in this lawsuit.

Respectfully submitted,

ARTHUR CARSON
Plaintiff

F. R. FILES
Attorney for Plaintiff

M. LAWRENCE WELLS
ASSISTANT ATTORNEY GENERAL
Attorney for Defendants

 **UTMB**

The University of Texas Medical Branch Galveston
Correctional Managed Care
Quality Services
301 University Blvd.
Galveston, Texas 77555-1007

TRUCK MAIL

## M E M O R A N D U M

TO:        Offender: _Arthur Carson Michael_        TDCJ # _517349_

           Facility: _michael M+ 036_

FROM:      Department of Quality Services

DATE:      _5/29/06_

We received your letter regarding healthcare concerns in our office.  We forwarded your letter to the Facility Practice Manager/Administrative Associate or their designated representative in your medical department. We encourage you to use the process on your unit to discuss your health related concerns.  We are hopeful that you will achieve a satisfactory resolution.

" _Plaintiff's Exhibit - Two_ "



**Texas Department of Criminal Justice**

# STEP 1

### OFFENDER
### GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2006142764

Date Received: APR 24 2006

Date Due: 03 JUN 2006

Grievance Code: 600

Investigator ID #: ID649

Extension Date:

Date Retd to Offender: MAY 24 2006

Offender Name: Arthur Carson    TDCJ # 517349

Unit: MI    Housing Assignment: 4D-68

Unit where incident occurred: MI

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Lt. Gould    When? 4/21/06

What was their response? Called Infirmary "Ms. Holgram"

What action was taken? None

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

On 4/21/06, I was ordered out of my bottom bunk, I was advised by security my restrictions were taken. My restrictions have been arbitrarily taken by unit medical or security, inspite of a bulging back disc I suffer, as pursuant to my HS-18 for 17 years in TDCJ. The Micheal Unit's actions represent a ongoing pattern of reprisals for criticizing the lack of treatment by P.A. Flemings, and the fact my medical records from Texas Tech Medical Facility has been ignored, the Micheal Unit Medical has acted grossley negligent. Also, this entails an indifference to my health and safety, where I have aggravated my back problem getting up and down my top bunk, which causes excruciating pain, where there is imminent danger of serious harm as a result of these retaliatory measures, and my confinement on the Michael Unit violates the terms of my settlement agreement with TDCJ "to not be housed on the Michael Unit." See; Carson vs. Estelle, Pustka, et.al., # Ty-79-356-CA, U.S. Eastern District Court-Tyler (1991), "regarding previous retaliatory treatment." Rule 20-DD-22-TDCJ's Employee's Rule Manual requires all employee's the responsibility to know the rules, or court orders regarding the operation of the agency. Currently, the agency is in contempt of a court order, soley to retaliate against me, while contemporaneously ignoring my medical disabilities.

---

**I-127 Front** (Revised 9-1-2001)    YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM    (OVER)

Action Requested to resolve your Complaint. MEDICAL RESTRICTIONS RESTORED; SETTLEMENT AGREEMENT Complied With; REFERED TO OIG, AND ATTORNEY GENERAL'S OFFICE.

Offender Signature: _Arthur Carson_     Date: 4-24-06

Grievance Response:

Mrs. Allison, Administrative Associate reports:

You were seen 5/1/06 by one of our providers and denied a low bunk restriction.
You do not meet the criteria for a low bunk restriction.

ASST.
WARDEN
PRATT

Signature Authority: _____     Date: _____ MAY 2 4 2006

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:    *Resubmit this form when corrections are made.**

☐ 1. Grievable time period has expired.

☐ 2. Submission in excess of 1 every 7 days.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. No documented attempt at informal resolution.*

☐ 6. No requested relief is stated.*

☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 8. The issue presented is not grievable.

☐ 9. *Vacant – discontinued 9-1-00*

☐ 10. Illegible/Incomprehensible. *

☐ 11. Inappropriate. *

**UGI Signature:** _____

**I-127 Back** (Revised 9-1-2001)

| OFFICE USE ONLY | |
|---|---|
| **Initial Submission** | **UGI Initials:**_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **2nd Submission** | **UGI Initials:**_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| **3rd Submission** | **UGI Initials:**_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |



## Texas Department of Criminal Justice

# STEP 2    OFFENDER GRIEVANCE FORM

Offender Name: Arthur Carson    TDCJ # 517344

Unit: AAI    Housing Assignment: VWDA68A 0322

Unit where incident occurred: MI

**OFFICE USE ONLY**

Grievance #: 2006142764

UGI Recd Date: 5-30-06

HQ Recd Date: JUN 0 5 2006

Date Due: 7-4

Grievance Code: 600

Investigator ID #: 10352

Extension Date:

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

Give reason for appeal (Be specific).    *I am dissatisfied with the response at Step 1 because...*

THE ISSUES HAVE NOT BEEN ADDRESSED, THAT MY LOW BUNK RESTRICTIONS AND EVERY OTHER RESTRICTION WAS ARBITRARILY TAKEN, DESPITE MY MEDICAL HISTORY. AS A RESULT, I AM DENIED TREATMENT FOR BACK PAIN.

SECOND, AS RETALIATION THE MEDICAL PROVIDERS ARE VIOLATING A COURT ORDER REACHED IN CARSON VS. ESTELLE, PUSTKA, TY-79-356-CA, U.S. EASTERN DISTRICT COURT. THUS I AM FORCED TO DO LABOR I AM PHYSICALLY UNABLE TO DO.

IN ACCORDANCE WITH SECTION 501.008, Gov. CODE, I AM REQUESTING THE OPPORTUNITY TO SUBSTANTIATE MY CLAIMS.

I-128 Front (Revised 9-1-2001)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Offender Signature:** _Arth Carson_          **Date:** 5/26/06

**Grievance Response:**

Carson          #517349 #2006142764

The Step 1 grievance, the response, and available documentation were reviewed regarding an allegation of medical restrictions being taken without a physical review. Health care at the Michael Facility is provided by University of Texas Medical Branch. The issuance of restrictions is the determination of the provider at the time of your examination and is considered part of your treatment regimen. The following restrictions were discontinued on 03/15/2006: lower only, no lifting greater than twenty-five pounds, no climbing, and no work exposure to loud noises. According to clinical record documentation a provider examined you for complaints of back pain on 05/01/2006. The provider documented that you did not meet criteria for a lower bunk. Facility medical personnel were contacted on your behalf and the provider reviewed your chart on 06/15/2006, at which time the restriction "no work exposure to loud noises" was reinstated. If you feel that your medical condition warrants further evaluation, you may submit a Sick Call Request to the facility medical department. TDCJ Health Services Division does not have the authority to override your facility provider's clinical decision and/or order. Review of your Step 1 grievance reveals that you did not attempt informal resolution regarding the discontinuation of restriction concerns with facility medical supervisory staff. Refer to Health Services-34 "Getting Medical Treatment" for further information. No further action is required through the grievance mechanism.

**Signature Authority:** _Guy Smith_          **Date:** 6-16-06

Guy Smith
Program Admin. 111-OPS

**Returned because:**   *Resubmit this form when corrections are made.*

- [ ] 1. Grievable time period has expired.
- [ ] 2. Illegible/Incomprehensible. *
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 6. Inappropriate. *

**CGO Staff Signature:** _____

**I-128 Back (Revised 9-1-2001)**

| OFFICE USE ONLY | |
| --- | --- |
| Initial Submission | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |
| 3rd Submission | CGO Initials:_____ |
| Date UGI Recd:_____ | |
| Date CGO Recd:_____ | |
| (check one) ____Screened ____Improperly Submitted | |
| Comments:_____ | |
| Date Returned to Offender:_____ | |



# Texas Department of Criminal Justice

## OFFENDER
# STEP 1
## GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: _2006202071_

Date Received: _7-24-06_

Date Due: _9-02-06_

Grievance Code: _614,815_

Investigator ID #: _I-1309_

Extension Date: _____

Date Retd to Offender: AUG 0 4 2006

Offender Name: _Arthur Carson_          TDCJ # _517349_

Unit: _Coffield_          Housing Assignment: _R-212_

Unit where incident occurred: _Coffield_

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? _Major McKellar-Unit Classification_     When? _7/19/06_

What was their response? _Said in a beligerant tone,"He will assigned me anywhere He wanted_

What action was taken? _Major McKellar,said It would happen again_

State your grievance in the space provided. Please state who, what, when, where and disciplinary case number if appropriate.

_There exist a Breach in the State's Computer System,that have resulted_
_in indifference to My Health,Safety and a sadistic infliction of pain._
_the fruits from this misuse of the State's computer is to punish me from_
_an illegitimate order to get into a top bunk nearly five feet from the floor,_
_without steps;or handrails,even though I am 52 years old._
_    My files were deleted without Doctors Orders,or any discontinuation order_
_in the computer from UTMB.this corruption or deleting of My Medical files,_
_e.g.,"HSM-18,Health Summary Restrictions" occurs only when Security needs_
_a lower Bunk,where an orchestrated effort is made to eliminate My Restriction_
_illegally._
_   Major McKellar,has made it lucidly clear,Security over-rides Health,as a_
_result,there exist three distinct violations of the Law,e.g.,"Breach of_
_Computer Security,pursuant to Article 33.02,Texas Penal Code;Violations of_
_the Americans With Disabilities Act,49 CFR Title II,& III;and that established_
_in Estelle V.Gamble,429 U.S.97.97 S.Ct.285(1976),"deliberate and indifference_
_standard". JUL 2 4 2006_

---
---
---
---
---
---
---
---

JUL 2 4 2006

**Action Requested to resolve your Complaint.** Refer Breach of Computer Security to OIG;Expunge errouneous disciplinary infraction given contrary to Health;cease and desist Classification in over-riding Medical Restrictions. JUL 2 4 2006

**Offender Signature:** _Arthur Carson_      **Date:** 7/24/06

**Grievance Response:**

⁎K. Atwood, Practice Manager: Your restrictions -for lower only, no lifting over 25 lbs., no work exposure to loud noises- were dc'd on March 20, 2006 by Ms. Johnson at the Michael Facility. Ms. Berger has reviewed your chart and added restrictions-lower only, no lifting over 25 lbs., no squatting, and no work exposure to loud noise, effective July 13, 2006. ⁎ No evidence was found to support your claims of unprofessional conduct by Major McKellar. Investigation reveals your restrictions were removed by authorized Medical Staff, while at the Michael Unit. No further action is warranted.

**Signature Authority:** _____   S. Swift   **Date:** 8-3-06

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

**Returned because:**  ⁎**Resubmit this form when corrections are made.**
- [ ] 1. Grievable time period has expired.
- [ ] 2. Submission in excess of 1 every 7 days.*
- [ ] 3. Originals not submitted. *
- [ ] 4. Inappropriate/Excessive attachments. *
- [ ] 5. No documented attempt at informal resolution.*
- [ ] 6. No requested relief is stated.*
- [ ] 7. Malicious use of vulgar, indecent, or physically threatening language. *
- [ ] 8. The issue presented is not grievable.
- [ ] 9. *Vacant – discontinued 9-1-00*
- [ ] 10. Illegible/Incomprehensible. *
- [ ] 11. Inappropriate. *

**UGI Signature:** _____
**I-127 Back** (Revised 9-1-2001)

| OFFICE USE ONLY | |
| --- | --- |
| **Initial Submission** | **UGI Initials:**_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **2ⁿᵈ Submission** | **UGI Initials:**_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |
| **3ʳᵈ Submission** | **UGI Initials:**_____ |
| Grievance #: | |
| Screening Criteria Used: | |
| Date Recd from Offender: | |
| Date Returned to Offender: | |



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

**OFFICE USE ONLY**

Grievance #: _2006202071_

UGI Recd Date: _8-09-06_

HQ Recd Date: _AUG 1 4 2006_

Date Due: _9·13-06_

Grievance Code: _614, 815_

Investigator ID #: _10902_

Extension Date: _10-18-06_

Offender Name: _Arthur Carson_   TDCJ # _517349_

Unit: _CO_    Housing Assignment: _R-212_

Unit where incident occurred: _CO_

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

Give reason for appeal (Be specific).   *I am dissatisfied with the response at Step 1 because...*

The Response lacks credibility, factually deficient where the Response is contrary to evidence submitted in disciplinary case # 20060317054; where a "MEDICAL-PASS" specifys the time line my Restrictions were effective, This evidence refutes the step one reply. (effective before 7/13/06)

HAD A legitimate Investigation taken place, would Reveal the Computer security have been Breached, where I have "two Screens" showing two seperate records on This Computer. Coupled with the fact Ms. Johnson, at the Michael facility, failed to include a Discontinuance order, or Does Ms. Johnson have authorization from any Doctor, and no miraculous change in my health occurred.

AND Finally, the Defiant, Belligerant manner Major McKellar said He could Reassign me Regardless of my Restrictions have not been Addressed. Therefore By not Allowing me to substaniate my claims is a reckless Disregard for the truth and violates the law pertaining to Grievance Investigation Procedures, see Section 501.008, Texas Government Code. Again, I am requesting the evidence submitted By me in the Above cited case Be Reviewed for a Fair Determination.

---

I-128 Front (Revised 9-1-2001)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Offender Signature: _Arthur Conner_     Date: _8/7/06_

**Grievance Response:**

This office reviewed the issues presented in your grievance.  Your complaint pertaining to staff was referred to the Region II Grievance Office.  No staff misconduct was noted during the investigation conducted by that office.  No corrective action is warranted.  Your medical concern was referred to the Office of Professional Standards.  Documentation was reviewed concerning your allegation files were deleted without doctors' orders.  A review of the available clinical record documentation reflects that restrictions were discontinued when you chained into the Michael Unit on 03/15/06.  Additionally the health care provider (at the Michael Facility) saw you on 05/01/06 and denied your request for a low bunk restriction.  You were assigned to the Coffield Unit on 05/31/06.  Further review of the clinic notes reflects the Health Summary for Classification (HSM-18) was revised on 07/13/06 and you currently have several restrictions (including a bottom bunk).  The decision to revise the HSM-18 remains the responsibility of the health care provider as medically indicated according to current conditions.  You may wish to submit a Sick Call Request to the facility medical department staff if you feel current medical conditions warrants a re-evaluation.-d-jw

**Signature Authority:** _Kelli Ward_     Date: SEP 0 7 2006

Kelli Ward

**Returned because:**    *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible. *

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments. *

☐ 5. Malicious use of vulgar, indecent, or physically threatening language. *

☐ 6. Inappropriate. *

CGO Staff Signature: _____

**I-128 Back (Revised 9-1-2001)**

| OFFICE USE ONLY | | |
|---|---|---|
| **Initial Submission** | | **CGO Initials:**_____ |
| Date UGI Rec'd:_____ | | |
| Date CGO Rec'd:_____ | | |
| (check one) ____Screened | | ____Improperly Submitted |
| Comments:_____ | | |
| Date Returned to Offender:_____ | | |
| **2ⁿᵈ Submission** | | **CGO Initials:** _____ |
| Date UGI Rec'd:_____ | | |
| Date CGO Rec'd:_____ | | |
| (check one) ____Screened | | ____Improperly Submitted |
| Comments:_____ | | |
| Date Returned to Offender:_____ | | |
| **3ʳᵈ Submission** | | **CGO Initials:**_____ |
| Date UGI Rec'd:_____ | | |
| Date CGO Rec'd:_____ | | |
| (check one) ____Screened | | ____Improperly Submitted |
| Comments:_____ | | |
| Date Returned to Offender:_____ | | |

7/14

PLAINTIFF'S EXHIBIT # (3)

CASE: 20060317054 TDCJNO: 00517349 NAME: CARSON,ARTHUR WAYNE          EA:
UNIT: CO  HSNG: G-4    14 B    JOB: PRE-HEARING DETENTION              IQ:
CLASS: S3  CUST: G2  PRIMARY LANGUAGE: ENGLISH        MHMR RESTRICTIONS:
GRADE: MA / MCM  OFF.DATE: 07/06/06  05:30 PM  LOCATION: CO O WING 3 ROW
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT O WING 322 CELL, OFFENDER: CARSON,
ARTHUR WAYNE, TDCJ-ID NO. 00517349, WAS ORDERED BY OFFICER PENA TO ACCEPT AND
MOVE INTO O WING 322 TOP BUNK, AND SAID OFFENDER FAILED TO OBEY THE ORDER BE-
CAUSE HE DOES NOT WANT TO BE ON THE TOP BUNK.

                                                              MLL

CHARGING OFFICER: PENA, M.                         SHIFT/CARD: 1 2

### OFFENDER NOTIFICATION   IF APPLICABLE INTERPRETER,

TIME & DATE NOTIFIED: 4:05 Am 07/10/06  BY:(PRINT) Uhn
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? YES  NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE:                  DATE: 07/10/06
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE:                         DATE:

### HEARING INFORMATION

HEARING DATE: 7-12-06 TIME: 0658  TAPE#   SIDE# A  START#   END#
COUNSEL SUBSTITUTE AT HEARING   TAPE#   SIDE# A  START#   END#
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE)

OFFENSE CODES:        24.2
OFFENDER PLEA: (G, NG, NONE)    NG
FINDINGS: (G, NG, DS)    G
REDUCED TO MINOR(PRIOR TO DOCKET)   (DOCKET)   (HEARING)   BY:(INITIAL)
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT, B)OFFICER'S REPORT, C)WITNESS TESTIMONY, D)OTHER,
EXPLAIN IN DETAIL:

### PUNISHMENT

LOSS OF PRIV(DAYS)    REPRIMAND............    SOLITARY(DAYS)......
*RECREATION(DAYS)    EXTRA DUTY(HOURS)........    REMAIN LINE 3....
*COMMISSARY(DAYS) 30  CONT.VISIT SUSP THRU  /  /    REDUC.CLASS FROM S3 TO S4
*PROPERTY(DAYS).    CELL RESTR(DAYS)........ 30  GOOD TIME LOST(DAYS)......
*      (DAYS).    SPECIAL CELL RESTR(DAYS).    DAMAGES/FORFEIT.$
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:

CREDIT FOR PRE-HEARING DETENTION TIME? YES(DAYS)   NO / NA
DATE PLACED IN PRE-HEARING DETENTION:    HEARING LENGTH 5  (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT:

HEARING OFFICER (PRINT)  WARDEN        STATE CLASS.COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 03-02) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

PLAINTIFF'S EXHIBIT# (4)

CASE: 20070091637 TDCJNO: 00517349 NAME: CARSON,ARTHUR WAYNE          EA: 11,2
UNIT: MI    HSNG: 11PH    14 T    JOB: PRE-HEARING DETENTION          IQ: 092
CLASS: S3   CUST: 62    PRIMARY LANGUAGE: ENGLISH    MHMR RESTRICTIONS:    NO
GRADE: MA / LC    OFF.DATE: 11/27/06  04:30 AM  LOCATION: MI MISCELLANEOUS
TYPE: ID

## OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT B POD II SECTION 48 CELL , OFFENDER:
CARSON,ARTHUR WAYNE, TDCJ-ID NO. 00517349, WAS ORDERED BY (SGT. ALLEN) TO MOVE
FROM THE BOTTOM BUNK OF 48 CELL TO THE TOP BUNK, AND SAID OFFENDER FAILED TO
OBEY THE ORDER.S

CHARGING OFFICER: ALLEN, A.                    SHIFT/CARD: 2 1
TIME & DATE NOTIFIED: 112406 0945  **OFFENDER NOTIFICATION**  IF APPLICABLE INTERPRETER,
                                   BY:(PRINT) Officer
YOU WILL APPEAR BEFORE A HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS
NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO  IF NO, HOW DO YOU
PLEAD? GUILTY  NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: X Arthur Carson          DATE: 11-29-06
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE
HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: _____          DATE: _____

## HEARING INFORMATION

HEARING DATE: 12-1-06  TIME: 1155  TAPE# 4773  SIDE# A  START# 320  END# 437
COUNSEL SUBSTITUTE AT HEARING: ___  TAPE#____  SIDE#____  START#____  END#____
EXPLAIN BELOW BY NUMBER: (1)IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART OF
HEARING, (2)IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN
72 HOURS PRIOR TO HEARING, (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE
EVIDENCE STAGE, (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM
HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A
WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING
WEEK ENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND, (8) IF INTERPRETER USED:
(SIGNATURE) Offer for Olers provided for conclusive , provided for documents
materials short

| OFFENSE CODES: | 24.0 | | | |
| OFFENDER PLEA (G, (NG,) NONE) | NG | | | |
| FINDINGS: ((G,) NG, DS) | | | | |

REDUCED TO MINOR(PRIOR TO DOCKET)___ (DOCKET)___ (HEARING)___ BY:(INITIAL)___
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF
GUILT: A)ADMISSION OF GUILT (B)OFFICER'S REPORT, C)WITNESS TESTIMONY, (D)OTHER.
EXPLAIN IN DETAIL: Officer report & the has previous conduct
                   need short -10 reprimand

## PUNISHMENT

LOSS OF PRIV(DAYS)____    REPRIMAND............    SOLITARY(DAYS)........ 15
*RECREATION(DAYS)____    EXTRA DUTY(HOURS)....    REMAIN LINE 3........
*COMMISSARY(DAYS) 15     CONT.VISIT SUSP THRU 1 /15  REDUC.CLASS FROM S3 TO L1
*PROPERTY(DAYS)____      CELL RESTR(DAYS)...... 15  GOOD TIME LOST(DAYS).
*_____(DAYS)____      SPECIAL CELL RESTR(DAYS)____  DAMAGES/FORFEIT.$____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED:_____
Refusal to obey orders not tolerated
offense in nature

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS)____ (NO) / NA
DATE PLACED IN PRE-HEARING DETENTION: 11/2/06  HEARING LENGTH ___5___ (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: Cuffed

HEARING OFFICER (PRINT)  WARDEN              STATE CLASS.COMMITTEE MEMBER
(FORM I-47MA)CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 03-02) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

ACCORDING TO THE OFFENDER ORIENTATION HANDBOOK, COMPLAINTS ABOUT MEDICAL SERVICES SHOULD BE SUBMITTED ON I-60/OR letter, TO THE FACILITY Health ADMINISTRATOR, who is THE COMPLAINT COORDINATOR, Pg. 36 (c)(6).

**SUBJECT:** State briefly the problem on which you desire assistance.

My HS-18 Were CAPRICIOUSLY Changed By VIRGINIA BUCHANAN, CONTRARY TO my MEDICAL HISTORY, WhereBy I HAVE BEEN PLACED ON A JOB CONTRAINDICATED. THIS PA HAS REFUSED TO PROVIDE ME INFORMATION ON THE SIDE EFFECTS AND DANGERS OF MEDICATIONS she HAS PRESCRIBED, i.e., "HYDROCHLOROTHIAZIDE" AND REFUSE TREATMENT FOR HEPATITIS-C.

I WOULD LIKE TO SEE YOU REGARDING THE ABOVE, ALTERNATIVELY PLEASE CORRECT MY HS-18 - RESTRICTIONS AS PER MY MEDICAL HISTORY.

Name: ARTHUR CARSON        No: 517349        Unit: MI
Living Quarters: 3B48        Work Assignment: PACKING PLANT

**DISPOSITION:** (Inmate will not write in this space)

Ms Buchanon is the Unit Provider
& Appt - 11/13/06 - C Another Provider
[signature] Howeller
11-10-06

RECEIVED 0600
NOV 10 2006
MI - MEDICAL

I-60 (Rev. 11-90)

PLAINTIFF'S EXHIBIT- "Five"

(1)

OFFENDER REQUEST TO OFFICIAL (I-60) FORM
AS PER PAGE 49, SEC. (P) TDCJ'S OFFENDER ORIENTATION
HANDBOOK

**SUBJECT:** State briefly the problem on which you desire assistance.

My HS-18 Restrictions Are Being Deleted And Ignored, i.e., "No
Lifting 25 LBS; Lower Bunk; No Climbing; No Exposure To Loud Noises;
I Would Like Your Attention In This Matter.

Name: Arthur Carson    No: 517344    Unit: MT
Living Quarters: 3B48    Work Assignment: Meat Pack Plant

**DISPOSITION:** (Inmate will not write in this space)

Restrictions are present
Talk to Security —
A. Howell RN 11-28-06

RECEIVED 0600
NOV 28 2006
MI - MEDICAL

I-60 (Rev. 11-90)

PLAINTIFF'S EXHIBIT "Five"

(2)